IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XPOINT TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-26-SLR |
| ) | |
| INTEL CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

At Wilmington this 17th day of November, 2009, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 17, 2009 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) Discovery will be needed on the following subjects: infringement, invalidity, and unenforceability of the asserted patents.

(c) All fact discovery shall be commenced in time to be completed by September 24, 2010. No fact discovery shall be served before September 9, 2009.

(1) Document production shall be completed on or before March 29, 2010.

(2) Maximum of 50 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such

interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 50 requests for admission by each party to any other party, except that there shall be no limit on the number of requests for admission related to eliminating evidentiary issues for trial (e.g., authentication of documents).

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of 50 hours of combined fact and Rule 30(b)(6) depositions of plaintiff and each defendant group. Unless otherwise ordered by the court, the defendant groups are: (1) Intel Corporation; (2) Farstone Technology, Inc.; (3) Hewlett-Packard Company; (4) Dell, Inc.; (5) Symantec Corporation; (6) Microsoft Corporation; (7) Acer Inc. and Acer America Corporation; (8) Gateway, Inc.; (9) Toshiba Corporation and Toshiba America Information Systems, Inc.; (10) Asustek Computer Incorporated and Asus Computer International; (11) Sony Corporation, Sony Corporation of America and Sony Electronics.; (12) SoftThinks SAS and SoftThinks USA Inc.; and (13) Acronic, Inc. Each fact deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties (provided that the parties will negotiate in good faith as to the length of inventor and Xpoint CEO Frank Wang's deposition, which shall be no less than 14 hours in length). Each 1.5 hours of deposition time involving the use of translation shall count as one hour for purposes of calculating the 50 hour and 7 hour limits (the parties will agree to negotiate in good faith if additional time is necessary due to issues associated with the translation of the deposition). For common issues, plaintiff and defendants will endeavor to cooperate to minimize duplicative questions to the extent possible.

(d) Expert discovery shall be commenced in time to be completed by **December 10, 2010.**

(1) Expert reports on issues for which the parties have the burden of proof due **September 28, 2010.** Rebuttal expert reports due **October 28, 2010.**

(2) Each party shall have a maximum of 10 hours of deposition

time for each opposing party's expert witness, unless extended by agreement of the parties.

(3) All Daubert motions shall be filed concurrently with the parties' summary judgment motions.

(e) Supplementations under Rule 26(e) shall be made according to Rule 26(e)(1).

(f) **Discovery Disputes**. Pursuant to 28 U.S.C. § 636, this matter is referred to the Special Master Panel established by order of the court dated September 15, 2004 for selection of a Special Master to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Special Master may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **March 9, 2010.**

4. **Settlement Conference.** Pursuant to Fed. R. Civ. P. 53(1)(C), this matter is referred to a Special Master for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms thirty (30) days before the end of fact discovery. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **February 28, 2011**. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court. Answering briefs shall be filed on or before **March 25, 2011**. Reply briefs shall be filed on or before **April 8, 2011**.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on **January 24, 2011**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **February 25, 2011**. Simultaneous response briefs should be filed by **March 24, 2011**. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on **May 13, 2011** at **9:30 a.m.**

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

   (a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

   (b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on **September 12, 2011** at **4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a 3 week jury trial commencing on **September 26, 2011** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge